```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――――――――
JAMES WARE,

                      **Plaintiff,**

        - against -

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

                      **Defendant.**
―――――――――――――――――――――――――――――――――――

12 Civ. 3381 (JGK)

MEMORANDUM OPINION AND ORDER

**JOHN G. KOELTL, District Judge:**

    The plaintiff filed a pro se complaint seeking to overturn a decision of the Commissioner of Social Security ("the Commissioner") denying his request for Supplemental Security Income ("SSI") benefits. The defendant now moves to dismiss this action as time-barred.

                                          I.

    The Commissioner moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment under Federal Rule of Civil Procedure 56. The plaintiff did not respond to the defendant's motion and the Court extended the plaintiff's time to respond setting dates for the plaintiff to file a response and for the defendant to file a reply. In the order extending the plaintiff's time to respond, the Court specifically advised that if the plaintiff did not file a response after the date set for any reply, the motion would be decided on the papers submitted. The plaintiff never filed a response. Accordingly, the motion

will be decided on the papers submitted.

The Court will treat the defendant's motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(d) if "matters outside the pleadings are presented to and not excluded by the court" on a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, the plaintiff pleaded the date of the Appeals Council's decision as well as the date he received notice of that decision. (Compl. ¶ 8.) The plaintiff also attached the notice of decision from the Appeals Council to the Complaint. Accordingly, this decision is based on the allegations in the Complaint and the documents attached to the Complaint, and there is no need to convert the defendant's motion to dismiss into a motion for summary judgment. See, e.g., Burke v. Metro. Transp. Auth., No. 09 Civ. 3291 (JGK), 2009 WL 4279538, at *4 (S.D.N.Y. Dec. 1, 2009); Base Metal Trading SA v. Russian Aluminum, 253 F. Supp. 2d 681, 699 n.13 (S.D.N.Y. 2003).

## II.

It is plain that the Complaint should be dismissed as untimely. Pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), such a complaint must be filed sixty days after the filing of the decision by the Appeals Council. See 42 U.S.C. § 1383(c)(3) (applying § 405(g) to SSI claims). By regulation, the

2

Commissioner has determined that a Complaint is timely if filed within sixty days after receipt of the Appeals Council's decision. 20 C.F.R. § 422.210(c).  In this case, the plaintiff received the Appeals Council's decision on February 16, 2012.  (Compl. ¶ 8.) The Complaint was filed on April 27, 2012.[1]  The Complaint was filed sixty-nine days after the plaintiff alleges that he received the Appeals Council's decision; thus, the Complaint was filed nine days after the time to file had expired.  The Complaint was therefore untimely.

The plaintiff failed to comply with the filing requirement, which is based on the statute and has been implemented by the Commissioner's regulations.  The filing requirement has been enforced in other cases.  See, e.g., Goff v. Apfel, No. 99-CV-8062 (NGG), 2004 WL 1243148, at *3-6 (E.D.N.Y. Mar. 30, 2004); Sykes v. Apfel, No. 97 Civ. 7696 (JGK), 1998 WL 338104, at *3-5 (S.D.N.Y. June 24, 1998).  The plaintiff has presented no reason why this requirement should not be applied in this case.

Therefore, the Commissioner's Motion to Dismiss is granted and the Complaint is dismissed because it is untimely.

---

[1] The Complaint is dated April 28, 2012.  However, the docket sheet reflects that the Complaint was filed on April 27, 2012.  Because the Court liberally construes the pleadings of pro se parties, see Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), the Court will accept April 27, 2012 as the filing date.  This does not affect the conclusion that the Complaint is time-barred.

CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. The Defendant's Motion to Dismiss is **granted. The Clerk is directed to enter Judgment and to close this case and all pending motions.**

**SO ORDERED.**

**Dated:    New York, New York
           February 6, 2013**

```
                              _____
                                    John G. Koeltl /s
                              United States District Judge
```